**Bashar HANOUN;\*  et al., Petitioners,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–70992.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.\*\*

Filed March 16, 2007.

---

\* The Clerk shall correct the docket to reflect that the lead petitioner's name is Bashar Hanoun.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ravit Rae Halperin, Esq., Korenberg Abramowitz & Feldun a Law Corporation, Sherman Oaks, CA, for Petitioners.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Mark L. Gross, Esq., Lisa W. Edwards, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM ***

Bashar and Rame Hanoun are brothers and natives and citizens of Syria who petition for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration Judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the IJ's conclusion that the harm the Hanouns suffered during their service in the Syrian military and during their subsequent employment as painters did not rise to the level of persecution and was not on account of their Christian faith. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004). Moreover, substantial evidence supports the IJ's conclusion that the Hanouns do not have an objectively reasonable fear of future persecution on account of their religion. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) (holding that a showing of discrimination is insufficient).

■ Because the Hanouns did not establish they were eligible for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

■ Because the Hanouns failed to raise their CAT claim before the BIA, the claim is unexhausted and we lack jurisdiction to review it. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.